

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

NOV 1 0 2020

CLERK, U.S. DISTRICT COURT
By _____
Deputy

DANIEL NEAL,                    §
TDCJ-CID No. 01624027,          §
                                §
        Plaintiff,              §
                                §
v.                              §       2:18-CV-026-Z-BR
                                §
RIC VOGELGESANG, *et al.*,      §
                                §
        Defendants.             §

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Plaintiff, Daniel Neal, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced Defendants and has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's civil rights Complaint is DISMISSED.

### BACKGROUND

On April 1, 2019, Plaintiff filed his Amended Complaint. ECF No. 18. Plaintiff sues Defendants Ric Vogelgesang, Leslie Lindsey, and Myra L. Walker. *See id.*

In his Amended Complaint, Plaintiff articulates failures in the medical care he received while incarcerated at the TDCJ Clements Unit in Amarillo, Texas. *See id.* Plaintiff claims that on August 24, 2017, he was denied a medical appointment because the officers refused to wait for him to finish brushing his teeth to take him to the appointment. *See id.* at 7. Plaintiff was concerned

1

his medications might be discontinued the following month if he was not seen by a provider as scheduled, so a nurse came to his cell to discuss the missed appointment. *See id.*

Plaintiff complains that Defendants discontinued certain medications even though Plaintiff's medical records did not support such an action. *See id.* Specifically, Plaintiff asserts Defendant Lindsey discontinued his "Effexors" on September 13, 2017. *See id.* at 13. Plaintiff asserts that he provided notice that the Effexors did not work without his Benadryl prescription, and that the discontinuation was inappropriate for this reason. *See id.* However, the response to the Step 2 grievance filed by Plaintiff indicates that the Defendant Lindsey discontinued his medication because he did not take it regularly. *See id.* at 10. Further, Plaintiff submitted his lab work from August 28, 2017, indicating he was tested for compliance with his medication on that date, prior to the discontinuation of the prescription. *See id.* at 20. Plaintiff asserts he was later put back on "Effexors". *See id.* at 23.

Plaintiff claims Defendant Lindsey retaliated against him by discontinuing his medication and not scheduling a new appointment because he told Mental Health Services that he *would* file a lawsuit about his medical care. *See id.* at 27.

Plaintiff's claims against Defendant Vogelgesang are based on his supervisory capacity of Defendant Lindsey. Plaintiff claims Defendant Vogelgesang failed to correct the medical mistakes committed by his subordinates. *See id.* Plaintiff's claims against Defendant Walker are based on Defendant Walker's denial of Plaintiff's Step 2 grievance for these claims. *See id.* at 28.

2

STANDARDS

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under federal law, the Court may evaluate the complaint and dismiss it without service of process if the complaint is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2); *see also Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). The same standards will support dismissal of a suit brought under federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

ANALYSIS

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* Medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). A delay in

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see also Denton v. Hernandez*, 504 U.S. 25 (1992).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

medical care to a prisoner can constitute an Eighth Amendment violation only if there has been deliberate indifference, which results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Deliberate indifference "is an extremely high standard to meet." *Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004). ("We begin by emphasizing that our court has interpreted the test of deliberate indifference as a significantly high burden for plaintiffs to overcome."). A prison official acts with deliberate indifference "only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)); *see also Reeves v. Collins*, 27 F.3d 174, 176–77 (5th Cir. 1994)). Unsuccessful medical treatment, acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir.1999); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (internal punctuation omitted). The Fifth Circuit has defined a "serious medical need" as "one for which treatment has been recommended or for which the need is so apparent that *even a layman* would recognize that care is required." *Gobert*, 463 F.3d at 345 n.12 (emphasis added).

4

Here, Plaintiff does not allege deliberate indifference, rather, at best he alleges malpractice or negligence. However, 42 U.S.C. § 1983 is not a general tort statute, and mere negligence does not meet the standard for liability. *Daniels v. Williams*, 474 U.S. 327, 331-34 (1986). Plaintiff acknowledges that medical tests were performed (blood work), and medical visits occurred both before and after the discontinuation of his medication. *See* ECF No. 20, at 13–20. Further, Plaintiff's claims that Defendant Lindsey acted out of retaliation based on a threatened lawsuit are entirely conclusory. A prisoner has a heavy burden to establish a claim of retaliation; he must do more than make mere conclusory allegations. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *see Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Thus, Plaintiff's claims against Defendant Lindsey should be dismissed for failure to state a claim.

Plaintiff's claims against Defendant Vogelgesang are based solely on his supervisory capacity. In 42 U.S.C. § 1983 suits, liability of government officials for the unconstitutional conduct of their subordinates may not rest solely upon a theory of *respondeat superior* or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citing *Robertson v. Sichel*, 127 U.S. 507, 515–16 (1888)); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."). Thus, supervisory officials are not subject to vicarious liability under 42 U.S.C. § 1983 for the acts or omissions of their subordinates. *See Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

5

Absent direct personal participation in the alleged constitutional violation, a plaintiff must prove that each individual defendant either implemented an unconstitutional policy that directly resulted in injury to the plaintiff or failed to properly train a subordinate employee. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Thus, Plaintiff's claims against defendant Vogelgesang should be dismissed with prejudice.

Finally, Plaintiff's claims against Defendant Walker for her response to Plaintiff's Step 2 grievance are frivolous. A prisoner does not have a constitutionally protected interest in having his complaints and grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is **ORDERED** that the Civil Rights Complaint by Plaintiff filed pursuant to Title 42, United States Code, section 1983 be **DISMISSED** without prejudice for failure to state a claim and with prejudice as frivolous.

**SO ORDERED.**

November _10_, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

6